UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILBUR C. TRAFTON,

    Plaintiff,

v.                                                          Case No. 08-C-99

ROCKETPLANE KISTLER, INC., et al.,

    Defendants.

**ORDER**

Plaintiff has filed a motion to compel the Defendants to provide complete, responsive answers to interrogatories and to produce all documents responsive to his requests for production. He asserts that on September 24, 2008, he served Defendants with a set of interrogatories and requests for production. The Defendants did not respond until December 2 (some five weeks late), but when they did respond the answers proved inadequate. Plaintiff's counsel asserts that he has been unable to conduct meaningful discovery in light of the unresponsive nature of the information Defendants have provided.

There has been no response to the motion to compel. Review of the Defendants' response to the interrogatories and requests for production indicates that several of their responses are inadequate or simply recite boilerplate objections such as work product or attorney-client privilege. (Rosen Decl., Ex. 5.) These objections are not stated with the "specificity" required by Fed. R. Civ. P. 33(b)(4), and moreover any objections the Defendants had were waived because their response was not timely filed. *See* Fed. R. Civ. P. 33(b)(2) (responding party must serve answers and

objections within 30 days). Because these untimely objections color almost every one of Defendants' responses (and their numerous cross-references), and in light of their lack of response to the motion to compel, I am satisfied that the Plaintiff is entitled to receive a "do-over" of the response to its interrogatories and request for production of documents. Defendants must serve meaningful and specific responses to the Plaintiff's interrogatories and requests by January 30, 2009. The discovery cutoff will be moved back to March 31, and motions will now be due by April 30, 2009.

Also pending is the Defendants' motion to consolidate this case with Case No. 08-C-642, *Randolph H. Brinkley v. Rocketplane Kistler, et al.* Defendants note that they are sued in both cases and that the employment agreement at issue is identical or nearly so. Fed. R. Civ. P. 42 gives district courts wide latitude in determining when, and how, to consolidate actions or parts of actions. The Plaintiffs agree that consolidation of some aspects of the two cases makes sense. For instance, they agree that consolidation is appropriate for purposes of discovery and motions that will involve issues common to both cases. But they note that the facts as to each plaintiff are different, and the two cases are at different stages in the litigation. In their view, consolidating the cases for trial would result in jury confusion, delay meaningful arbitration proceedings, and result in a delay in the Trafton case, which is closing discovery this month.

Defendants have not replied to the Plaintiffs' concerns. I am satisfied that, for now, there is no compelling reason to consolidate the cases for trial. Future developments may suggest that consolidation would be a feasible means of conserving resources, but for the present time I will consolidate the two actions only for purposes of discovery and motions involving common or similar questions of law.

In sum, the motion to compel is **GRANTED**, as set forth above. The motion to consolidate is **GRANTED** in part; Case Nos. 08-C-99 and 08-C-642 are consolidated for purposes of discovery and motions involving common questions of law. The parties are to confer and submit a letter setting forth a proposed schedule to address matters that are consolidated.

**SO ORDERED** this   14th   day of January, 2009.

 s/ William C. Griesbach
William C. Griesbach
United States District Judge
